# Third District Court of Appeal
## State of Florida

Opinion filed August 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2122
Lower Tribunal No. F18-16083
_____

**Juan Matta,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

The Post-Conviction Alliance and Rook E. Ringer (Brandon), for appellant.

James Uthmeier, Attorney General and Daniel Colmenares, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed. See § 921.0024, Fla. Stat. ("Adult-on-minor sex offense: If the offender was 18 years of age or older and the victim was younger than 18 years of age at the time the offender committed the primary offense, and if the primary offense was an offense committed on or after October 1, 2014, and is a violation of s. 787.01(2) or s. 787.02(2), if the violation involved a victim who was a minor and, in the course of committing that violation, the defendant committed a sexual battery under chapter 794 or a lewd act under s. 800.04 or s. 847.0135(5) against the minor; s. 787.01(3)(a) 2. or 3.; s. 787.02(3)(a) 2. or 3.; s. 794.011… the subtotal sentence points are multiplied by 2.0. If applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence."); Millien v. State, 336 So. 3d 354, 357 (Fla. 4th DCA 2022) ("[§ 921.0024(1)(b), Florida Statute's] use of the semi-colons and the final 'or' indicates that each portion between the semi-colons is a separate category."); Davis v. State, 51 Fla. L. Weekly D1224, D1224 (Fla. 1st DCA June 17, 2026) (declining to adopt any requirement "that there must be a kidnapping or false imprisonment for the [section 921.0024(1)(b)] multiplier to apply" because "each portion between the semi-colons is a separate category"); Igwe v. City of Miami, 208 So. 3d

2

150, 154–55 (Fla. 3d DCA 2016) ("Each category is independent, as the list is separated by the use of semicolons and by the word 'or,' which as used in a statute, is a disjunctive article indicating an alternative." (citation modified)).